# In the United States Court of Federal Claims

No. 05-1170 C
(Filed March 15, 2006)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HIREL CONNECTORS, INC., * | |
| A California Corporation, * | Jurisdiction; 28 U.S.C. § 1500; |
| Plaintiff, * | Dismissal. |
| * | |
| v. * | |
| * | |
| THE UNITED STATES, * | |
| Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Thomas J. Smith*, Encino, California, for plaintiff.

*Leslie Cayer Ohta*, U. S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen,* Director, and *Bryant G. Snee*, Assistant Director.

**OPINION
and
ORDER**

**Merow**, *Senior Judge*

Plaintiff, a California corporation, designed and manufactures a 30-pin connector assembly ("HiRel Connector") that is used in the Advanced Medium Range Air-to-Air Missile.

By its Complaint, filed November 2, 2005, plaintiff seeks damages of "not less than $10,000,000.00," based on assertions that the "U.S. Government has engaged in and continues to engage in wrongful acts and behavior in breach of its contracts with HiRel . . . ." Plaintiff pleads that the U.S. Government has "reverse engineered" the HiRel Connector in violation of contracts and non-disclosure agreements. (Compl. ¶ 42.) Disclosure of HiRel's technical data to other contractors is also alleged. (Compl. ¶ 43.)

In December of 2001, plaintiff filed a Federal Tort Claims Act action in the United States District Court for the Central District of California, case number 2:01-cv-11069, involving disclosure of its HiRel Connector data. By a third amended complaint in the district court in 2003, plaintiff added contract claims against the government for $10,000 in damages. In 2005, plaintiff sought to amend its contract count in the district court to claim $5,000,000 in damages which motion was denied by that court on July 15, 2005. The instant litigation followed thereafter.

By motion, filed February 8, 2006, defendant seeks dismissal of the instant litigation pursuant to 28 U.S.C. § 1500, which provides "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States." Defendant notes that the Complaint filed in this court alleges substantially the same operative facts as those alleged in the prior Complaint, as amended, pending in the United States District Court for the Central District of California. Defendant's motion requests that the Complaint in the instant case be dismissed "with prejudice."

On March 8, 2006, plaintiff filed its response to Defendant's Motion to Dismiss. Plaintiff expresses agreement with defendant's motion with the exception that plaintiff argues the dismissal should be without prejudice.

It is concluded that, pursuant to 28 U.S.C. § 1500, jurisdiction is lacking over plaintiff's Complaint and it must be dismissed. *Keene Corp. v. United States*, 508 U.S. 200, 206-07 (1993). Given the lack of jurisdiction, the dismissal will be without prejudice to the resolution of the claims in a tribunal, if any, having jurisdiction over them. In this regard, the parties' submissions appear to assume that the plaintiff's limitation of damages to no more than $10,000 in the district court brings the contract claims within the jurisdiction provided by 28 U.S.C. § 1346(a)(2). However, were, as indicated, it to be determined that any of the monetary contract breach claims pleaded are based upon express or implied executive agency contracts for the procurement of property, other than real property in being, they may be covered by the Contract Disputes Act, 41 U.S.C. § 601 *et. seq.* Were this to be the case, contracting officer decisions would be required on the claims and a district court would not, in any event, have jurisdiction over them. 41 U.S.C. §§ 605, 609; *see Megapulse, Inc. v. Lewis*, 672 F.2d 959, 969 (D.C. Cir. 1982) (non-monetary relief

only); *Ervin & Assocs, Inc. v. United States*, 59 Fed. Cl. 267, 288 (2004). Accordingly, dismissal of this matter, as required by 28 U.S.C. § 1500, does not in any form comprise a ruling as to the tribunal, if any, which now would have jurisdiction over the contract claims involved. *See Harbuck v. United States*, 378 F.3d 1324, 1330 (Fed. Cir. 2004).

For the forgoing reasons, it is **ORDERED** that the Complaint in this matter shall be **DISMISSED** without prejudice, for lack of jurisdiction, pursuant to 28 U.S.C. § 1500, with no costs to be assessed.

s/ James F. Merow
James F. Merow
Senior Judge